### BOSTIAN v. GOLDMAN.

No. 939.

District Court, W. D. Missouri, W. D.

Sept. 11, 1941.

Warren S. Earhart, of Kansas City, Mo., for plaintiff

R. C. Southall, of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is a suit by the trustee in bankruptcy to set aside a conveyance of real estate upon the ground that same was fraudulently made, was without consideration, and its purpose was in substance to hinder and delay creditors.

A voluntary petition in bankruptcy was filed by one Ben Goldman on April 21, 1941. Prior to that date, towit on January 5, 1940, he had conveyed said property, his wife joining him, to Daisy Bernstein. Immediately thereafter the grantee in said deed reconveyed the property to the defendant Sarah Goldman, the wife of the bankrupt. The deeds conveying the property were not recorded until July, 1940, approximately six months after their execution. It is alleged

by the plaintiff that the conveyance made the bankrupt wholly insolvent and that the creditors are substantially without remedy unless such conveyance be annulled and the property restored so that it may be administered in bankruptcy.

The defendant has challenged the jurisdiction of the court and seeks dismissal of the action upon the ground that this court is not clothed with authority under the law to determine the questions involved.

■ 1. Two sections of the bankruptcy law appear to be apposite. Several divisions of Section 107, Title 11 U.S.C.A. cover the subject. Paragraph e of said section specifically provides on the subject of Jurisdiction as follows: "For the purpose of any recovery or avoidance under this section, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

The United States District Courts are made courts of bankruptcy by law. While Section 107 for the most part deals with matters where summary jurisdiction may be exercised, yet it was contemplated, as in this case, that it might be necessary to resort to a plenary suit, hence the Act of Congress in conferring jurisdiction for that purpose upon the state courts as well as the federal court.

Paragraph e of Section 110, Title 11 U.S.C.A., specifically provides generally for the right of the trustee in bankruptcy to avoid a transfer in all those cases when any creditor of such bankrupt might have avoided the fraudulent transfer.

Under the law a creditor of a bankrupt has five years from the time of the discovery of the fraud to bring suit to vacate a fraudulent transfer. No limitations whatever are placed in this section. By an amendment to the section it is specifically provided that for the purpose of such recovery any court of bankruptcy as defined in this title and any state court which would have had jurisdiction if bankruptcy had not intervened shall have concurrent jurisdiction. Under this section a plenary suit may be filed by the trustee in bankruptcy precisely as a creditor may have done to avoid a transfer in fraud of creditors.

■ 2. On the subject of Procedure, Section 107 supra, is limited for the most part to summary proceedings. As originally drawn the section undertook to nullify certain classes of conveyance even though made in good faith, where such transfers or conveyances were made within a limited time before bankruptcy. A reading of this section discloses that it has been the purpose to include fraudulent transfers as alleged in this case. The section however puts limitations where the proceeding is directly under it as to the time when a plenary suit may be filed. This is done by subdivision 5 of paragraph d of the Section. Note the language:

"For the purposes of this subdivision d, a transfer shall be deemed to have been made at the time when it became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein, but, if such transfer is not so perfected prior to the filing of the petition in bankruptcy or of the original petition under chapter 11 or 12 of this title, it shall be deemed to have been made immediately before the filing of such petition."

According to the evidence in the case there was a recordation of the deeds on July 3rd and 15th, 1940. The petition in bankruptcy was not filed until April 21, 1941. If, therefore, the deeds were executed in good faith on January 6, 1940, the record was perfected many months before the filing of the petition in bankruptcy. This section does not say, as contended by counsel for the trustee, that the record must be perfected twelve months before the filing of the petition in bankruptcy, but that it simply must be perfected "prior to the filing of the petition in bankruptcy."

■ 3. While the averments of the petition are more aptly made under the provisions of Section 107 than under Section 110 yet it should be held that the language of the petition is sufficient under said Section 110. Furthermore, it is contended by counsel that the trustee will undertake to establish at the trial that the deeds were not in fact executed until within twelve months before the filing of the petition in bankruptcy.

Because of these contentions and for the reasons above stated, jurisdiction exists in this court and the motion to dismiss should be and is overruled.